## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

LAW OFFICE OF MARK KOTLARSKY
PENSION PLAN,

      Plaintiff,

      v.

ALEX HILLMAN,
BELA SHESTOPALOVA,
SILVER SPRING FAMILY MEDICAL
CENTER, LLC, and
POTOMAC PROPERTIES REALTY, LLC,           Civil Action No. TDC-14-3028

      Defendants,

NOVITAS SOLUTIONS, INC.,

      Garnishee,

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

      Movant.

## MEMORANDUM OPINION

This matter is before the Court on a Motion to Dismiss for Lack of Jurisdiction, or

Alternatively, for Summary Judgment, filed by the United States Department of Health and

Human Services (the "Government"), and a Motion to Remand to State Court, filed by Plaintiff

Law Office of Mark Kotlarsky ("Kotlarsky"). The issues before the Court are: (1) whether the

case has been properly removed to this Court, and (2) whether the state court judgments issued

against Garnishee Novitas Solutions, Inc. ("Novitas") for Medicare funds are void for lack of

subject matter jurisdiction. The Court has reviewed the pleadings and the briefs and heard oral

argument on June 30, 2015.  For the reasons set forth below, the Kotlarsky's Motion to Remand is DENIED.  The Government's Motion, which the Court construes as a Motion for Relief from Final Judgment under Federal Rule of Civil Procedure 60(b), is GRANTED.

## BACKGROUND

On June 2, 2009, Kotlarsky obtained a money judgment in the Circuit Court for Montgomery County against Defendants Alex Hillman, Bela Shestopalova ("Shestopalova"), Silver Spring Family Medical Center, LLC ("SSFMC"), and Potomac Properties Realty, LLC for breach of contract.  When Kotlarsky was unable to collect against the defendants, he obtained various writs of garnishment from the state court, one of which was issued on April 9, 2010 to Highmark Medicare Services ("Highmark"), the predecessor to Novitas.  Novitas, a Medicare Administrative Contractor ("MAC") for Medicare Part A and B, serves as the primary operational contact between the Medicare program and the health care providers enrolled in the program and processes Medicare claims and disburses payments to those providers.

The writ directed Highmark to pay to Kotlarsky all of the money it owed to SSFMC.  On April 19, 2010, Highmark received service of the writ of garnishment.  On April 23, 2010, it sent Kotlarsky a letter stating that there were no payments to be garnished because SSFMC was not a Medicare provider and therefore had no account in Highmark's system.  A review of the docket indicates that other than sending the letter directly to Kotlarsky, Highmark never filed an answer or any other response to the writ of garnishment in the state court proceeding.  On August 17, 2010, Kotlarsky moved for an entry of default against Highmark, which the state court entered on September 23, 2010.  Notice of the default was mailed to Highmark on the same day.  Novitas claims that, based on a review of Highmark's files, neither the motion for entry of default nor the

order for default was ever received by Highmark. The case was subsequently stayed pending resolution of bankruptcy proceedings relating to some of the defendants.

Over three years later, on March 18, 2014, Novitas received service of a *subpoena duces tecum* issued by the state court, directing Novitas to provide Kotlarsky with copies of all checks and other documents relating to payments made by Highmark or Novitas to Shestopalova or to SSFMC during the period from April 19, 2010 through November 10, 2010. Although Novitas now asserts that it declined to release any such records because it believed it was prohibited from doing so under the Privacy Act of 1974, there is no indication on the state court docket that Novitas ever filed a motion for protective order or a motion to quash the subpoena.

On April 28, 2014, Kotlarsky filed a motion to compel and for sanctions against Novitas, requesting that the state court (1) compel Novitas to provide a list of all payments made to Shestopalova or SSFMC during the period from April 19, 2010 to November 2010, (2) deem it established that any payments made to Shestopalova during that period were made on behalf of SSFMC, and (3) award attorney's fees. The state court granted the motion on June 2, 2014.

On July 25, 2014, Kotlarsky moved for summary judgment against Novitas. In the motion, Kotlarsky asserted that Novitas made 24 payments to Shestopalova, totaling $18,748.75 during the period from April 19, 2010 and November 10, 2010, and requested that the court enter judgment in favor of Kotlarsky for that amount. Novitas did not file a response to this motion for summary judgment and now claims that the motion was never served upon Novitas. On August 19, 2014, the state court granted summary judgment against Novitas, awarding Kotlarsky $18,748.75.

Novitas received the state court's order on August 25, 2014. On September 25, 2014, the Government filed a Notice of Removal, seeking to remove the case from state court under

3

federal agency removal, 28 U.S.C. § 1442(a)(1) (2012), on the grounds that the Centers for Medicare and Medicaid Services ("CMS"), a component agency of the United States Department of Health and Human Services, is the real party of interest in this case. The Government then filed a Motion to Dismiss for Lack for Jurisdiction, or Alternatively for Summary Judgment, on October 2, 2014, in which it argued that this Court should vacate the judgment against Novitas because the state court lacked subject matter jurisdiction over federal Medicare funds. On October 14, 2014, Kotlarsky filed a Motion to Remand and Opposition to the Motion to Dismiss. Both motions are ripe for adjudication.

## DISCUSSION

### I.  Motion to Remand

In the Motion to Remand, Kotlarsky argues that the Court should remand this case to state court because:  (1) the Government has no standing to remove the case to this Court because the state court judgment was directed at Novitas, which is a private organization; (2) removal is untimely; and (3) the state court judgment was final and therefore non-removable. The Court addresses each of these arguments separately, and for the reasons discussed below, denies the Motion to Remand.

### A.  Federal Agency Removal

Kotlarsky argues that removal is improper because the defendant, Novitas, is not a federal agency. A civil action in state court that is "against or directed to" any agency of the United States may be removed to federal court. 28 U.S.C. § 1442(a)(1). As a matter of procedure and substance, a garnishment action, such as the one Kotlarsky has instituted against Novitas, is its own lawsuit, even though it was filed in an underlying case. *Carpenters Pension Fund of Baltimore v. Md. Dep't of Health & Mental Hygiene*, 721 F.3d 217, 223-24 (4th Cir.

2013) (citing *Mayor & City Council of Baltimore v. Utica Mut. Ins. Co.*, 802 A.2d 1070, 1083 (Md. 2002)).  Where removal is challenged, the removing party bears the burden to establish that removal was proper.  *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *Greer v. Crown Title Corp.*, 216 F. Supp. 2d 519, 521 (D. Md. 2002).

Although Novitas is not a federal agency, it is a government contractor that disburses Medicare payments to eligible Medicare providers.  The Government may remove this garnishment action because CMS is the real party of interest.  The Medicare regulations provide that, because the "[i]ntermediaries and carriers act on behalf of CMS in carrying out certain administrative responsibilities that the law imposes," CMS is "the real party of interest in any litigation involving the administration of the program."  42 C.F.R. § 421.5(b).  Notably, contracts between CMS and MACs such as Novitas are required to "contain clauses providing for indemnification with respect to actions taken on behalf of CMS," thus indicating that an action against Novitas in its role as a MAC will directly implicate CMS and federal funds.[1]  *Id.*

Ideally, in a case against a private contractor serving as a MAC, the Government would formally enter the case, either through a motion for joinder by the MAC or a motion to intervene. However, such action is not necessary for the Government to be considered the real party of interest.  In *Johnson v. Johnson*, 332 F. Supp. 510 (E.D. Pa. 1971), the court was presented with an almost identical scenario:  a plaintiff sought to garnish Medicare payments made to a doctor by Pennsylvania Blue Shield ("PBS"), a contractor to the United States Department of Health, Education and Welfare ("HEW").  *Id.* at 511.  Although HEW was not a named party to the

---

[1]  The specific contract between CMS and Novitas states that, in the event Novitas is made party to "any judicial or administrative proceeding arising, in whole or in part, out of any functions under this contract in connection with any claims for benefits under [the Medicare program]," CMS will "indemnify [Novitas] for all judgments, settlements, awards and costs."  Suppl. Exs. to Mot. Dismiss, Ex. 6 at 7, ECF No. 164-2.

dispute, the court held that because PBS was acting as the agent for the Secretary of HEW, the Secretary was the "real party in interest," such that sovereign immunity applied to bar the garnishment. *Id.* at 513 ("It is clear that [a Medicare contractor] in administering the Medicare program is acting as the agent for the Secretary of HEW, and as such the Secretary is the real party in interest."). Likewise, in this garnishment case against Novitas, the Government is the real party of interest, and the suit is effectively against the sovereign. *See Dugan v. Rank*, 372 U.S. 609, 620 (1963) ("[A] suit is against the sovereign if the judgment sought would expend itself on the public treasury.") (citation and internal quotation marks omitted)). As such, removal of the garnishment action was proper because it was "directed to" the "United States or any agency thereof." 28 U.S.C. § 1442(a)(1).

### B. Timeliness

Kotlarsky further argues that even if the Government could properly remove this action, its notice of removal was untimely. Notice of removal of a civil action or proceeding must be filed within 30 days of receipt of the initial pleading, or within 30 days of receipt "through service or otherwise, of a copy of an amended pleading, motion, order or any other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Failure to file a timely notice is a defect in removal procedure. *Cades v. H&R Block, Inc.*, 43 F.3d 869, 873 (4th Cir. 1994). Here, the original writ of garnishment was served on Novitas (then Highmark) on April 19, 2010, over four years before the Government filed its notice of removal.

The Government nevertheless contends that service of that writ did not initiate the 30-day removal period because the writ sought to garnish funds owed to SSFMC, not Shestopalova. The Government argues that because SSFMC was not actually a Medicare provider, the writ did

not implicate any federal interests from which it could be ascertained that the case was removable. Rather, it argues that the case only became removable when the state court issued its August 19, 2014 judgment against Novitas for Medicare funds owed to Shestopalova, such that the 30-day removal period did not commence until the Government received service of that judgment on August 27, 2014.

This argument is at odds with the Government's concurrent position that CMS, and therefore the federal government, is automatically implicated in any suit against Novitas in its capacity as a MAC. As discussed above, and as the Government asserted at oral argument, CMS is the real party of interest in *any* litigation against Novitas that involves the administration of the Medicare program. *See* 42 C.F.R. § 421.5(b). The fact that the writ sought to garnish funds purportedly owed by Novitas to a Medicare provider, regardless of whether any such funds were actually owed, implicated its administration of Medicare funds, and therefore rendered CMS, a federal agency, the real party of interest in the garnishment action. The case was thus removable as of April 19, 2010.

In any event, even if the Court were to accept the Government's argument that federal agency removal was not appropriate under the original writ because it did not name Shestopalova as the Medicare provider, Novitas received service on March 18, 2014 of a *subpoena duces tecum* in which the state court directed Novitas to provide Kotlarsky with all documents concerning Medicare payments made to either Shestopalova or SSFMC during the period from April 19, 2010 through November 10, 2010. Thus, Novitas was plainly on notice by March 18, 2014, at the latest, that federal interests were at stake in the garnishment action, but nonetheless failed to remove the case within the 30-day limit. Removal was therefore untimely. 28 U.S.C. § 1446(b)(3).

Despite the Government's untimely removal, the Court will not remand the case because the issues before this Court on removal implicate the federal government's sovereign immunity. In *Loftin v. Rush*, 767 F.2d 800 (11th Cir. 1985), the United States Court of Appeals for the Eleventh Circuit held that 28 U.S.C. § 1446(b)'s 30-day limitation on removal was not binding in a case involving garnishment of funds owed by the United States Navy to a federal employee where, as here, federal sovereign immunity was at issue. *Id.* at 805-06. The court concluded that section 1446(b)'s time limit is not jurisdictional and may be waived, and that remanding the case on such technical grounds would trivialize the federal courts' important authority under section 1442(a)(1) over cases concerning the federal government's liability to suit. *Id.* Because the present case similarly implicates the question whether federal funds are subject to garnishment in a state court proceeding, this Court will follow the reasoning of *Loftin* and permit removal, notwithstanding the untimely notice of removal.

In doing so, the Court does not excuse, and in fact is deeply troubled by, the Government's four-year delay in entering this case and filing the notice of removal. *See Loftin*, 767 F.2d at 805 (noting that the court "emphatically disapprove[s] of the government's tardiness" in seeking removal). The Government's claim that the delay was due to Kotlarsky's failure to properly serve the Government directly is illogical, as it was never a named party in this case. It appears that the government contractor, Novitas, inexcusably failed to engage in this matter appropriately or to bring the matter to the attention of the Government over a four-year period. But if the Government is permitted to have a case against Novitas deemed to be a case against the Government, it cannot reasonably claim that notice to Novitas does not constitute notice to the Government. Although it will not always be the case that an untimely removal will be excused because the case implicates sovereign immunity, under these facts, where remand to

8

state court will likely be a less efficient means of resolving this matter, the Court will not remand.

## C. Final Judgment

Finally, Kotlarsky argues that removal is improper because the state court judgment against Novitas was a final order, yet Novitas failed to pursue an appeal of the judgment within 30 days, as required by Maryland Rule 8-202(a). The fact that the state court had entered final judgment does not preclude removal under 28 U.S.C. § 1442. *See Hadley-Memorial Hosp. v. Kynard*, 981 F. Supp. 690, 692 (D.D.C. 1997). Moreover, as Kotlarsky acknowledged in its Reply, the Government has available a post-judgment remedy in the form of a Motion for Relief from Final Judgment under Federal Rule of Civil Procedure 60(b). In a case removed after judgment, the district court adopts the state court judgment and may review it as it would review its own, "follow[ing] the ordinary rules regarding post-judgment remedies." *Resolution Trust Corp. v. Allen*, 16 F.3d 568, 573 (4th Cir. 1994). A district court may relieve a party from a final judgment on various grounds under Rule 60(b), including where "the judgment is void" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6).

At oral argument, neither party objected to the Court treating the pending Motion to Dismiss as a Rule 60(b) Motion for Relief from Final Judgment without requiring additional filings or briefing from the parties. Because the Court will construe the Government's Motion as a Motion for Relief from Final Judgment under Rule 60(b), Kotlarsky's argument that the state court's final judgment precludes removal and further consideration by this Court is unpersuasive.

## II. Motion for Relief from Final Judgment

Construing the Government's Motion as a Rule 60(b) Motion for Relief from Final Judgment, the Court reviews both the state court's default judgment against Novitas and the

August 19, 2014 order granting summary judgment for Kotlarsky to determine whether the judgments are void for lack of subject matter jurisdiction.  As discussed below, the Court concludes that the doctrine of sovereign immunity barred the state court from ordering a judgment against federal funds, and that the state court lacked subject matter jurisdiction over the garnishment action altogether.  The Court thus grants the Government's Motion for Relief from Final Judgment.

A judgment is void under Federal Rule of Civil Procedure 60(b)(4) if "the court that rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process of law." *Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir. 1992) (citation and internal quotation marks omitted).  Sovereign immunity is "jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  In federal agency removal cases, the federal court's subject matter jurisdiction extends only as far as the state court's jurisdiction. *Palmer v. City Nat'l Bank of West Virginia*, 498 F.3d 236, 244 (4th Cir. 2007).

Here, the state court had no subject matter jurisdiction over the garnishment action against Novitas because federal funds, such as the Medicare funds in question here, are not subject to garnishment absent waiver of sovereign immunity by Congress.  *Buchanan v. Alexander*, 45 U.S. 20, 21 (1846); *Franchise Tax Bd. of Cal. v. U.S. Postal Serv.*, 467 U.S. 512, 517-18 (1984).  Waivers of sovereign immunity "must be unequivocally expressed in the statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996).  By statute, Medicare funds generally cannot be paid directly by the government to someone other than the Medicare provider to whom the funds are owed.  42 U.S.C. § 1395u(b)(6).  The only avenues by which Medicare money may be diverted from payment to a Medicare provider would be under one of the exceptions specified in the Medicare regulations:  (1) payment to a government agency or entity; (2) payment under

assignment established by court order; or (3) payment to an agent who furnishes billing and collection services on behalf of the provider.   42 C.F.R. § 424.73(b).   The first and third exceptions clearly do not apply to the state court judgment.

The second exception also does not apply.   Although Kotlarsky suggested at oral argument that the state court judgment could be deemed to be an authorized assignment of Medicare payments under 42 C.F.R. § 424.73(b)(2), the regulations do not support such an interpretation.   Section 424.73(b)(2) states that Medicare may pay a non-provider "under an assignment established by, or in accordance with, the order of a court of competent jurisdiction if the assignment meets the conditions set forth in § 424.90." *Id.*  In turn, section 424.90 provides that an assignment is effective only if:

> (1) Someone files a certified copy of the court order and of the executed assignment or reassignment (if it was necessary to execute one) with the intermediary or carrier responsible for processing the claim; and
>
> (2) The assignment or reassignment –
>
> (i) Applies to all Medicare benefits payable to a particular person or entity during a specified or indefinite time period; or
>
> (ii) Specifies a particular amount of money, payable to a particular person or entity by a particular intermediary or carrier.

42 C.F.R. § 424.90(a).   The regulations thus require an actual agreement by the designated recipient to assign Medicare payments to a third party, accompanied by contemporaneous court order endorsing the assignment, presumably to provide an additional safeguard to maintain the "strong presumption against the assignment of claims" against the government  *See Credit Recovery Sys., LLC v. Heike*, 158 F. Supp. 2d. 689, 694 (E.D. Va. 2001).   Accordingly, the cases interpreting these regulations deal with such assignment agreements between a Medicare provider and a non-provider. *See, e.g.*, *DFS Secured Healthcare Receivables Trust v. Caregivers*

*Great Lakes, Inc.*, 384 F.3d 338, 350 (7th Cir. 2004) (considering whether an agreement between a Medicare provider and a third party for assignment of Medicare payments was valid); *Credit Recovery Sys.*, 158 F. Supp. 2d at 694 (same).   Here, the state court judgment was not accompanied by an agreement in which a Medicare provider knowingly assigned its Medicare payments to Kotlarsky.   Kotlarsky has not provided, and the Court has not identified, any authority supporting the view that a writ of garnishment could be deemed to be an assignment under 42 C.F.R. § 424.73(b)(2).   Because the state court judgment against Novitas is not an assignment as contemplated by section 424.73(b)(2), and the conditions required by section 424.90(a) have not been met, the state court judgment does not fall within the ambit of any of the exceptions under the Medicare regulations.

Except by way of these exceptions, the doctrine of sovereign immunity prohibits a judgment against federal money.   *See Johnson*, 332 F. Supp. at 511 (holding that sovereign immunity barred garnishment of Medicare money held by a Medicare contractor in the absence of legislation permitting such action); *see also Neukirchen v. Wood Cnty. Head Start, Inc.*, 53 F.3d 809 (7th Cir. 1995) (holding that sovereign immunity prohibited a Head Start organization from using any federal funds, or assets purchased with those funds, to satisfy an employment discrimination judgment).   Therefore, the state court lacked jurisdiction over the garnishment action, and both the default judgment and the August 19, 2014 order granting summary judgment for Medicare funds are void.[2]

---

[2]   The Court notes that this ruling only forecloses Kotlarsky from collecting on his original money judgment against Shestopalova by garnishing Medicare money directly from Novitas. Once Medicare funds are disbursed to a Medicare provider, like Shestopalova, nothing prevents creditors in Kotlarsky's position from seeking to collect the money directly from the provider. In fact, at oral argument, Kotlarsky acknowledged filing claims in both Shestopalova's and SSFMC's bankruptcy proceedings, for which Kotlarsky received a settlement.

In its Motion, the Government argues that the Court also may dissolve the state court judgment on the alternative grounds that the judgment violates the Supremacy Clause, or that the state court lacked personal jurisdiction over CMS, the real party of interest in the garnishment action against Novitas. Because the Court has already concluded that the state court lacked jurisdiction, it need not consider these alternative arguments. The Motion for Relief from Final Judgment is granted, the state court judgments are deemed void, and the case is dismissed.

## CONCLUSION

For the foregoing reasons, the Motion to Remand is DENIED. The Government's Motion to Dismiss for Lack of Jurisdiction, or Alternatively, for Summary Judgment, which the Court construes as a Motion for Relief from Final Judgment under Federal Rule of Civil Procedure 60(b), is GRANTED. The state court judgments are declared void for lack of jurisdiction, and the garnishment action is DISMISSED. A separate Order follows.

Date: August 21, 2015

THEODORE D. CHUANG
United States District Judge